UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GHEORGE BLEDEA and
ELISABETA BLEDEA,

                                NO. CIV. S-09-1239 LKK/GGH

       Plaintiffs,

    v.
                                  O R D E R

INDYMAC FEDERAL BANK,
MORTGAGEIT, INC., MARIPOSA
MORTGAGE, INC., MORTGAGE
ELECTRONIC REGISTRATION
SYSTEM, INC., MARIO BURNIAS,
JOSE LUIS CALLEJA, BIC D.
PHO and DOES 1-20, inclusive,

       Defendants.

_____/

     Plaintiffs in this suit bring various claims arising out of

foreclosure on a mortgage. Plaintiffs' first amended complaint

names eight defendants. Two defendants, Mortgage Electronic

Registration Systems Inc. ("MERS") and MortgageIT, Inc.

("MortgageIT"), have filed separate motions to dismiss all claims

against them. MortgageIT has also filed a motion to strike. The

court resolves these motions on the papers. For the reasons stated

1

below, the motions to dismiss are granted in part, and the motion to strike is granted in part.[1]

## I. BACKGROUND[2]

This motion concerns plaintiffs' first amended complaint ("FAC"), which was filed in response to MERS' motion to dismiss the initial complaint. The FAC rendered the initial motion to dismiss moot, and MERS has filed a renewed motion challenging all claims against it. MortgageIT similarly moves to dismiss all claims against it and to strike portions of the FAC. Of the six non-moving defendants, one has been voluntarily dismissed (defendant Indymac Federal Bank), and the remaining five have been served but have not stated appearances in this case.

The FAC enumerates ten causes of action. Only four claims are

---

[1] The court notes that plaintiffs' counsel has filed numerous other actions before this court using nearly identical complaints. For a more extensive discussion of a similar complaint, see Champlaie v. BAC Home Loans Servicing, LLP, No. S-09-1316, 2009 U.S. Dist. LEXIS 102285, 2009 WL 3429622 (E.D. Cal. Oct. 22, 2009); see also Baldain v. Am. Home Mortg. Servicing, Inc., No. CIV. S-09-0931, 2010 U.S. Dist. LEXIS 5671, 2010 WL 56143 (E.D. Cal. Jan. 5, 2010). Although these other cases are similar, the factual allegations and arguments for dismissal in this case present several different issues.

[2] The allegations described herein are taken from the complaint and are taken as true for the purpose of the pending motions only.
MERS requests that this court take judicial notice of documents titled Deed of Trust, Assignment of the Deed of Trust, Substitution of Trustee, and Notice of Trustee's Sale. These documents are public records, recorded in the Sacramento County Recorder's Office, and properly subject to judicial notice. Fed. R. Evid. 210(d). The court may take judicial notice of these documents without converting MERS's motion to dismiss into a motion for summary judgment. Plaintiffs have not objected to the request for judicial notice. Accordingly, the court GRANTS MERS's request for judicial notice.

brought against MERS, and nine are brought against MortgageIT. Plaintiffs' tenth claim, for wrongful foreclosure, is brought only as to defendants Indymac Federal Bank and NDEX West. Because Indymac has been dismissed and NDEX West is not a party to this motion, the court does not discuss the allegations underlying the wrongful foreclosure claim.

**A.    Plaintiffs' Initial Loan**

Plaintiffs allege that they were initially approached by defendant Jose Luis Calleja ("Calleja"), an employee of defendant Mariposa Mortgage, Inc. ("Mariposa"), regarding refinancing of their home. FAC ¶¶ 7, 23. Calleja allegedly promised that he could provide the "best deal" and "best interest rates" on the market. FAC ¶ 25. Plaintiffs claim that Calleja offered them an adjustable rate loan, and promised that if the payments became unaffordable, the loan could be refinanced. FAC ¶ 28. Calleja allegedly informed plaintiffs that the appraiser would "push" the value of the property to ensure that the loan would be approved. FAC ¶ 27. Plaintiffs claim to have protested this, but were told not to worry about it. Id.

Plaintiffs accepted Calleja's offer to refinance, resulting in a loan transaction which was completed on September 26, 2009. FAC ¶ 31. However, plaintiffs allege that they were prevented from knowing the details of the transaction, in that they were not given copies of loan documents prior to closing, and at closing, not given an explanation of the documents or adequate time to review the documents. FAC ¶ 29.

The loan's terms were memorialized with a promissory note secured by a deed of trust. FAC ¶ 31. See Yulaeva v. Greenpoint Mortgage Funding, No. 09-1504, 2009 U.S. Dist. LEXIS 79094, *3-5, 2009 WL 2880393 *1-2 (E.D.Cal. Sept. 3, 2009). (E.D. Cal. Sept. 3, 2009) (summarizing California law regarding deeds of trust). The deed of trust named Fidelity National Title as trustee and MortgageIT, Inc. as lender ("MortgageIT"). FAC ¶ 31, MERS's RFJN Ex. A 1-2. MERS is listed as the beneficiary, acting solely as nominee for the lender. FAC ¶ 32, MERS's RFJN Ex. A, 2.

**B.    Subsequent Sale of the Loan and Foreclosure**

After the loan was completed, the right to receive payment under the loan was sold on the secondary mortgage market. FAC ¶ 34. Plaintiffs allege that this sale failed to comply with applicable requirements, but plaintiffs fail to specify what those requirements are. FAC ¶ 19. Plaintiffs allege that MERS does not physically possess the promissory note, and that MERS is therefore not entitled to conduct a non-judicial foreclosure. FAC ¶ 11.

Plaintiffs apparently stopped making payments owed on their mortgage at some point. On February 23, 2009, defendant NDEX West, LLC ("West"), purportedly acting as the agent of the beneficiary under the deed of trust, filed a notice of default as to the mortgage. FAC ¶ 43.

On March 19, 2009, MERS assigned the deed of trust to defendant Indymac. This assignment was recorded on March 27, 2009. MERS's RFJN Ex. B. Plaintiffs contend that this assignment was invalid because MERS lacked authority to so assign. FAC ¶ 37. On

1   March 30, 2009, Indymac substituted defendant West as trustee on
2 the deed of trust. MERS's RFJN Ex. C. On May 24, 2009, West
3 issued a notice of trustee's sale, indicating that the mortgaged
4 property would be sold at auction on June 16, 2009. This notice
5 was recorded on May 29, 2009. MERS's RFJN Ex. D.

6     Plaintiffs' opposition memorandum indicates that "On or about
7 July 16, 2009, Defendant NDEX issued a Trustee's Deed Upon Sale,
8 naming Federal Deposit Insurance Corporation ("FDIC") as Receiver
9 for Defendant Indymac Federal as the beneficiary." Opp'n 14.
10 Although this sale allegedly occurred on July 16, 2009, no mention
11 of it is made in the FAC, which was filed on August 10, 2009.

12                   **II. STANDARDS**
13 **A.    Standard for a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss**

14     A Fed. R. Civ. P. 12(b)(6) motion challenges a complaint's
15 compliance with the pleading requirements provided by the Federal
16 Rules. In general, these requirements are provided by Fed. R. Civ.
17 P. 8, although claims that "sound[] in" fraud or mistake must meet
18 the requirements provided by Fed. R. Civ. P. 9(b). <u>Vess v.</u>
19 <u>Ciba-Geigy Corp.</u>, 317 F.3d 1097, 1103-04 (9th Cir. 2003).

20     **1.    Dismissal of Claims Governed by Fed. R. Civ. P. 8**

21     Under Federal Rule of Civil Procedure 8(a)(2), a pleading must
22 contain a "short and plain statement of the claim showing that the
23 pleader is entitled to relief." The complaint must give defendant
24 "fair notice of what the claim is and the grounds upon which it
25 rests." <u>Twombly</u>, 550 U.S. at 555 (internal quotation and
26 modification omitted).

To meet this requirement, the complaint must be supported by factual allegations. Iqbal, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint," neither legal conclusions nor conclusory statements are themselves sufficient, and such statements are not entitled to a presumption of truth. Id. at 1949-50. Iqbal and Twombly therefore prescribe a two step process for evaluation of motions to dismiss. The court first identifies the non-conclusory factual allegations, and the court then determines whether these allegations, taken as true and construed in the light most favorable to the plaintiff, "plausibly give rise to an entitlement to relief." Id.; Erickson v. Pardus, 551 U.S. 89 (2007).

"Plausibility," as it is used in Twombly and Iqbal, does not refer to the likelihood that a pleader will succeed in proving the allegations. Instead, it refers to whether the non-conclusory factual allegations, when assumed to be true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 557). A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

////

## 2.   Dismissal of Claims Governed by Fed. R. Civ. P. 9(b)

A Rule 12(b)(6) motion to dismiss may also challenge a complaint's compliance with Fed. R. Civ. P. 9(b).  See Vess, 317 F.3d at 1107.  This rule provides that "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." These circumstances include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."  Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)).  "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[] in the alleged fraudulent scheme.'"  Id. at 765 (quoting Moore v. Kayport Package Express, 885 F.2d 531, 541 (9th Cir. 1989)).  Claims subject to Rule 9(b) must also satisfy the ordinary requirements of Rule 8.

## B.   Standard for a Fed. R. Civ. P. 12(f) Motion to Stirke

Rule 12(f) authorizes the court to order stricken from any pleading "any redundant, immaterial, impertinent, or scandalous matter."  A party may bring on a motion to strike within 20 days after the filing of the pleading under attack.  The court, however, may make appropriate orders to strike under the rule at any time on its own initiative.  Thus, the court may consider and grant an untimely motion to strike where it is proper to do so. See 5A Wright and Miller, Federal Practice and Procedure: Civil 2d § 1380.

Motions to strike are generally viewed with disfavor, and will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties. Id.; see also Hanna v. Lane, 610 F. Supp. 32, 34 (N.D. Ill. 1985). If the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits. See 5A Wright & Miller, supra, at § 1380.

**III. ANALYSIS**

The present motions concern all nine claims against MortgageIT: (1) violation of the Truth in Lending Act ("TILA"), (2) violation of the Real Estate Settlement Procedures Act ("RESPA"), (3) violation of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), (4) fraud, (5) breach of fiduciary duty, (6) negligence, (7) violation of the Unfair Competition Law ("UCL"), (8) breach of contract, and (9) violation of the implied covenant of good faith and fair dealing; and all four claims against MERS: (1) fraud, (2) negligence, (3) violation of the UCL, and (4) breach of the implied covenant of good faith and fair dealing. Plaintiffs' remaining claim for wrongful foreclosure is brought only as to defendants other than the moving parties, and therefore is not at issue here.

**A.    TILA**

Plaintiffs' first claim seeks civil damages and rescission from MortgageIT under TILA. MortgageIT argues that damages are

8

barred by the statute of limitations, and that plaintiffs' claim for rescission should be dismissed because plaintiffs have not alleged that they can tender the consideration offered for the loan.

**1.  Statute of Limitations**

TILA provides a one-year statute of limitations for claims for civil damages.  15 U.S.C. § 1640(e).  Here, plaintiffs' TILA claim arises solely out of failure to make required disclosures at the time the loan was entered, which was on or around September 26, 2006. FAC ¶ 31.  The limitations period for plaintiffs' TILA claim began to run at that time, King v. California, 784 F.2d 910, 914 (9th Cir. 1986), and normally would have expired in September of 2007. Plaintiffs filed their claim on May 5, 2009.

The inquiry does not end here, because the running of the TILA limitations period may be equitably tolled, King, 784 F.2d at 915. Under Ninth Circuit authority, a motion to dismiss made on statute of limitations grounds must be denied if the complaint "adequately alleges facts showing the potential applicability of the equitable tolling doctrine." Cervantes v. City of San Diego, 5 F.3d 1273, 1277 (9th Cir. 1993); Huynh, 465 F.3d at 1003-04.  Equitable tolling may apply when a plaintiff could not have discovered the basis for their claim, so the court turns to the bases alleged in the FAC. Plaintiffs allege that defendant breached TILA by

> failing to provide required disclosures prior to consummation of the transaction; [] failing to make required disclosures clearly and conspicuously in writing; [] failing to timely deliver to Plaintiffs notices required by TILA; [] placing terms

> prohibited by TILA into the transaction; and []
> failing to disclose all finance charge details and
> the annual percentage rate based upon properly
> calculated and disclosed finance charges and
> amounts financed.

FAC ¶ 60. Here, insofar as plaintiffs' TILA claim is based on the allegation that the required disclosures were not made prior to completion of the transaction, plaintiffs' allegations do not support the inference that the basis for the TILA claim could not have been discovered at the time of the initial transaction. Plaintiffs' allegations admit receiving the disclosures; they merely argue that they should have been made earlier and more clearly. Plaintiffs were therefore aware of the faulty disclosures at the time the transaction was completed. Nor have plaintiffs identified any potential barrier to bringing suit on this issue prior to now. Under <u>Lien Huynh</u>, dismissal on statute of limitations grounds is appropriate as to this basis for plaintiff's TILA claim. 465 F.3d at 1004.

## 2. Tender

The one year limitations period under 15 U.S.C. section 1640(e) does not apply to claims for rescission under 15 U.S.C. section 1635. Defendants argue that plaintiffs' TILA claim for rescission should be dismissed for the separate reason that plaintiffs have not alleged that they are able to tender the amount borrowed. No binding authority addresses this issue, and district courts in this circuit are divided as to whether such an allegation is required. <u>See, e.g.</u>, <u>Valdez v. America's Wholesale Lender</u>, No. C 09-02778, 2009 U.S. Dist. LEXIS 118241, *14 (N.D. Cal. Dec. 18,

2009) (collecting cases), <u>Singh v. Wash. Mut. Bank</u>, No. C-09-2771, 2009 U.S. Dist. LEXIS 73315 *9-11 (N.D. Cal. Aug. 19, 2009) (same).

The effect of rescission is to undo the transaction. TILA provides a default procedure for rescission, under which the borrower first provides notice of rescission. 15 U.S.C. § 1635(b). The creditor must then cancel any security interest and return any money or property (such as earnest money) to the borrower. <u>Id.</u> Once the creditor has done so, the borrower "shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the [borrower] shall tender its reasonable value." <u>Id.</u> <u>See also</u> 12 C.F.R. § 226.23 (implementing 15 U.S.C. § 1635(b)). Although this is the default procedure, TILA provides the court with discretion to adopt different procedures. 15 U.S.C. § 1635(b).

The Ninth Circuit interpreted this provision in <u>Yamamoto v. Bank of N.Y.</u>, 329 F. 3d 1167 (9th Cir. 2003). <u>Yamamoto</u> concerned the timing of termination of the security interest, namely, whether the security interest is terminated before or after the borrower's tender. <u>Yamamoto</u> held that in most cases the court *should* exercise its discretion to modify the rescission procedure, making rescission conditional on the borrower's tender, such that the security interest persists until tender is complete. <u>Id.</u> at 1172. However, the court recognized that this modification might not be appropriate in all cases. For example, termination of the security may facilitate the borrower's efforts to sell or refinance the property offered as security, and thereby to complete tender. <u>Id.</u>

11

at 1173 (noting, on summary judgment, that plaintiff had offered no evidence that the continuing security interest had such an effect).

Yamamoto did not concern a motion to dismiss, and did not discuss whether ability to tender must be alleged in a claim for rescission under TILA. As noted above, district courts are divided as to whether such an allegation is required. As I previously explained in a similar case, the discretion provided by 15 U.S.C. § 1635(b) is better exercised at a later stage of litigation. See Baldain, 2010 WL 56143, *10, 2010 U.S. Dist. LEXIS 5671, *32. At this stage, the court may reasonably infer that the borrower will be able to tender by selling or refinancing the property purchased with the loan. MortgageIT may attempt to refute this inference (e.g., by showing that the property is now worth less than the balance of the loan) at a later stage of litigation.

Defendant MortgageIT's motion to dismiss is denied as to plaintiffs' TILA claim for rescission. Plaintiffs are cautioned, however, that Yamamoto directs this court to require tender prior to rescission in the majority of cases, and that plaintiffs will need to meet this standard at subsequent stages.

**B.    RESPA**

Plaintiffs' fourth claim alleges that defendant MortgageIT "violated RESPA at the time of closing on the sale of the Property by failing to correctly and accurately comply with the disclosure requirements provided therein." FAC ¶ 84. RESPA provides several different disclosure requirements, and plaintiffs' allegation does

not identify what information MortgageIT failed to disclose, under which section.[3] MortgageIT contends that plaintiffs have not stated a claim under either section 2605 or 2603, two RESPA sections that require disclosures.

Plaintiffs and MortgageIT agree that plaintiffs have not pleaded a claim under 12 U.S.C § 2605. Opp'n 16; Def. Mt'n 11. Moreover, defendant's argument that plaintiffs' allegation states no claim under 12 U.S.C. § 2603 is well taken. There is no private right of action for disclosure violations under 12 U.S.C. § 2603. <u>Bloom v. Martin</u>, 865 F. Supp 1377, 1384 (N.D. Cal. 1994).

Plaintiffs' opposition argues that "it remains unclear whether Defendants named in this lawsuit, MortgageIT and included, received 'kickbacks' or referral fees disproportional to the work performed, which is prohibited under [RESPA] 12 U.S.C. § 2607(a)." Opp'n 17. The FAC does not allege that MortgageIT received such fees or kickbacks. Plaintiffs may choose to add such an allegation in an amended complaint, provided that they may do so while complying with Fed. R. Civ. P. 11. Plaintiffs' RESPA claim is therefore dismissed without prejudice.

**C.    Rosenthal Act**

Plaintiffs' second claim alleges that defendant MortgageIT

---

[3]Plaintiffs argue that this allegation constructively identifies specific information that should have been disclosed, because "the only disclosures mandated under RESPA at the time of closing[] are those pertaining to escrow costs." Opp'n, 16. Of the two citations plaintiffs provide in purported support of this argument, 12 U.S.C. § 2601 is a statement of purpose containing no requirements, and 12 C.F.R. § 3500.2(b) is not a valid citation.

violated California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"). The Rosenthal Act prohibits creditors and debt collectors from, among other acts, making false, deceptive, or misleading representations in an effort to collect a debt. Cal. Civ. Code § 1788, et seq. A "debt collector" is "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code § 1788.2(c); see also Izenberg v. ETS Services, LLC, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008). Plaintiffs allege that defendant MortgageIT is a debt collector who violated the Act by:

> threaten[ing] to take actions not permitted by law, including but not limited to: [1] collecting on a debt not owed to [them], [2] making false reports to credit reporting agencies, [3] foreclosing upon a void security interest, [4] foreclosing upon a Note of which they were not in possession nor otherwise entitled to payment, [5] falsely stating the amount of a debt, [6] increasing the amount of a debt by including amounts that are not permitted by law or contract, [7] and using unfair and unconscionable means in an attempt to collect a debt.

FAC ¶ 70. MortgageIT argues that these allegations fail to satisfy the applicable pleading requirements. The court will separately address the allegations because each presents a separate theory of liability.

The first allegation does not describe false, deceptive, or misleading representations. Plaintiffs apparently contend that because of the conduct complained of in plaintiffs' other claims, no money was owed, and that MortgageIT should have known this. Even if plaintiffs succeed on their other claims, such success will

not mean that the loan was void at the time of the alleged conduct. No false or misleading representation is implicated here.

Plaintiffs' second allegation is that MortgageIT threatened to make false reports to credit agencies. FAC ¶ 70. If plaintiff intended to allege that MortgageIT actually made false reports, the "basis of the claim" is fraud, such that it must satisfy the requirements of Fed. R. Civ. P. 9(b). Vess, 317 F.3d at 1103-04. The allegation plainly fails to meet these requirements. If, however, this allegation is taken literally, as alleging that MortgageIT *threatened* to make false reports, the claim does not sound in fraud. Kearns v. Ford Motor Co., 567 F.3d 1120, 1125-26 (9th Cir. 2009). As to the merits of the claim, such threats are prohibited under federal Fair Debt Collection and Practices Act, and this prohibition is explicitly incorporated into the Rosenthal Act. 15 U.S.C § 1692e(8) (prohibiting "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false."), Cal. Civ. Code § 1788.17 (FDCPA actionable under the Rosenthal Act). Insofar as the literal interpretation is more favorable to plaintiffs at this stage, the court adopts this interpretation here, and the motion to dismiss is denied as to this theory of liability.

Allegations three and four identify conduct that is not prohibited by the Rosenthal Act. Foreclosure on a property is not a debt collection activity encompassed by the Rosenthal Act, and as such, the threat of foreclosure is not prohibited. Cal. Civ. Code §§ 1788.13, 2924(b); Champlaie, 2009 U.S. Dist. LEXIS 102285

at *55-*56, 2009 WL 3429622 at *18.

Plaintiffs' fifth allegation, that MortgageIT "threatened" to falsely state the amount of Plaintiffs' debt, approaches incoherence when taken literally. FAC ¶ 70. Apart from threats made to credit agencies, discussed above, plaintiffs apparently mean that MortgageIT falsely stated the debt to them. This allegation concerns particular false representations, thus sounds in fraud and is subject to Rule 9(b)'s heightened requirements. Although Plaintiffs have alleged the content of the false representation and the identity of the parties, they have not alleged the time, place or manner of the misrepresentation with sufficient particularity. Accordingly plaintiffs have not met the pleading requirements for their claim that MortgageIT falsely stated the amount of debt.

Plaintiffs' sixth allegation is that MortgageIT wrongfully increased the amount of debt by including amounts not permitted by law. FAC ¶ 70. Section 1788.13(e) prohibits adding fees that may not be lawfully added. This claim provides the minimal particularity required by Rule 8.

Allegation seven, that defendants "threatened to . . . us[e] unfair and unconscionable means in an attempt to collect a debt," without any indication as to what those means were, is plainly conclusory.

Accordingly, some, but not all, of plaintiffs' theories of liability under the Rosenthal Act are sufficiently alleged. Plaintiffs' Rosenthal Act Claim may proceed on the basis of the allegations that MortgageIT threatened to make false reports to

credit agencies, and that MortgateIT wrongfully increased the amount of debt by including amounts not permitted by law

**D.  Fraud**

Plaintiffs' sixth claim alleges fraud by both MERS and MortgageIT. Both defendants argue that plaintiffs have missed the pleading standards of Fed. R. Civ. P. 9(b).

The elements of a claim for intentional misrepresentation under California law are: (1) misrepresentation (a false representation, concealment or nondisclosure), (2) knowledge of falsity, (3) intent to defraud (to induce reliance), (4) justifiable reliance, and (5) resulting damage. Agosta v. Astor, 120 Cal. App. 4th 596, 603 (2004). The FAC's allegations supporting the claim for fraud are that:

> Defendants, and each of them, have made several representations to Plaintiffs with regard to material facts. [¶] These representations made by Defendants were false. [¶] Defendants knew that these material representations were false when made, or these material representations were made with reckless disregard for the truth. [¶] Defendants intended that Plaintiffs rely on these material representations. [¶] Plaintiffs reasonably relied on said representations. [¶] As a result of Plaintiffs' reliance, they were harmed and suffered damages.

FAC ¶¶ 100-105. These allegations fail to meet the specificity required by Fed. R. Civ. P. 9(b). They refer to no specific conduct, and give defendants no indication as to what conduct, if any, underlies the fraud claims. The defendants are left to scour the remainder of the complaint to determine which, if any, of the allegations incorporated by reference plaintiffs intend as the

17

basis for this claim. Accordingly, plaintiffs' claim for fraud is dismissed.

**E.     Breach of Fiduciary Duty**

Plaintiffs' fifth claim alleges that MortgageIT breached a fiduciary duty owed to plaintiffs. FAC ¶ 93, 95. MortgageIT denies it owed plaintiffs any duty.

Ordinarily, lenders owe borrowers no fiduciary duty. "[A]bsent special circumstances . . . a loan transaction is at arm's length and there is no fiduciary relationship between the borrower and lender." <u>Oaks Management Corporation v. Superior Court</u>, 145 Cal. App. 4th 453, 466 (2006) (collecting cases); <u>Nymark v. Heart Fed. Savings & Loan Assn.</u>, 231 Cal. App. 3d 1089, 1093 n.1 (1991). Plaintiffs have identified no special circumstances here.

Plaintiffs alternatively argue that MortgageIT may be vicariously liable under employer/employee, agency, and conspiracy theories. According to plaintiffs, MortageIT entered agency relationships with the brokers, and therefore became subject to the brokers' fiduciary duties. FAC ¶ 89, 91, 93. While plaintiffs allege that MortgageIT provided incentives to the brokers, plaintiffs have not alleged that MortgageIT exercised control over the brokers' conduct, or that the brokers had actual or apparent authority to act on MortgageIT's behalf. Accordingly, plaintiffs have not alleged facts from which the court may plausibly infer either an employment or an agency relationship. <u>See</u> <u>Metropolitan Water Dist. v. Superior Court</u>, 32 Cal. 4th 491, 512 (2004) (following the Restatement Second of Agency (1958), § 220), Cal.

Civ. Code §§ 2299, 2300; <u>J.L. v. Children's Institute, Inc.</u>, 177 Cal. App. 4th 388, 403-404 (2009). Absent an indication that MortgageIT owed a fiduciary duty to plaintiffs, MortgageIT cannot be liable for civil conspiracy to breach that fiduciary duty. <u>Applied Equipment Corp. v. Litton Saudi Arabia Ltd.</u>, 7 Cal.4th 503, 511, 514 (1994), <u>Champlaie</u>, 2009 U.S. Dist. LEXIS 102285 at *62-65. Plaintiffs claim for breach of fiduciary duty is dismissed.

**F.   Negligence**

Plaintiffs' third claim is for negligence against both MortgageIT and MERS. Both defendants argue that plaintiffs have failed to allege the elements of a claim for negligence. MortgageIT further argues that plaintiffs' negligence claim is time barred.

**1.   Elements of a Negligence Claim**

Under California law, the elements of a claim for negligence are "(a) a legal duty to use due care; (b) a breach of such legal duty; and (c) the breach as the proximate or legal cause of the resulting injury." <u>Ladd v. County of San Mateo</u>, 12 Cal. 4th 913, 917 (1996) (internal citations and quotations omitted). Of these elements, defendants focus on duty. Under California law, "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." <u>Nymark</u>, 231 Cal. App. 3d at 1096. Thus, for a lender such as MortgageIT to owe a duty of care, the lender's activities must have exceeded those of a conventional lender, <u>id.</u> at 1096-97,

or the activities must fit within some exception to the "general" rule, id. at 1098 (applying Biakanja v. Irving, 49 Cal. 2d 647, 320 P.2d 16 (1958)). This court recently evaluated Nymark's application to a fundamentally similar complaint in Champlaie, 2009 U.S. Dist. LEXIS 102285.

To determine whether either exception to Nymark applies, the court looks to plaintiffs' specific allegations. Plaintiffs allege that MortgageIT and MERS

> "failed to maintain the original Mortgage Note, failed to properly create original documents, . . . failed to make the required disclosures[,] . . . took payments to which they were not entitled, charged fees they were not entitled to charge, and made or otherwise authorized negative reporting of Plaintiffs' creditworthiness to various credit bureaus wrongfully."

FAC ¶¶ 77-78. As to the allegations regarding maintenance of the original note and creation of original documents, these are normal activities for a lender, and there is no special reason to impose a duty of care here.

Plaintiffs allege that defendants negligently "took payments to which they were not entitled, charged fees they were not entitled to charge, and made or otherwise authorized negative reporting of Plaintiffs creditworthiness to various credit bureaus wrongfully." FAC ¶ 78. Again, taking payments, charging fees, and reporting on creditworthiness are conventional activities for a lender. The court doubts that there are any compelling reasons to depart from Nymark's general rule and impose a duty of care sounding in negligence with respect to these activities. Even

assuming, however, that such a duty of care exists, plaintiffs' allegations do not indicate that any of these acts were a breach of said duty. Plaintiffs argue that defendants were not entitled to receipt of these payments because the loan was itself invalid. No authority indicates that any of the defects complained of in the FAC rendered the loan void ab initio. Thus, nothing in the complaint indicates that at the time these acts were performed, defendants breached a duty by performing them.

Finally, plaintiffs contend that defendants negligently failed to make required disclosures. FAC ¶ 77. Plaintiffs do not specify the required disclosures, but elsewhere allege that MortgageIT failed to make disclosures under TILA and RESPA. As explained above, plaintiffs have failed to adequately allege a failure to make any disclosures required by RESPA. As to TILA, MortgageIT has not addressed the substance of the TILA claim, arguing for dismissal on ancillary grounds. Assuming that plaintiffs have adequately alleged a failure to make disclosures required by TILA, it appears that, as a matter of California law, this failure sounds in negligence. Champlaie, 2009 U.S. Dist. LEXIS 102285 at *75 (citing Biakanja, 49 Cal. 2d at 650 and Bily v. Arthur Young & Co., 3 Cal. 4th 370, 399-405 (1992)).[4]

Plaintiffs have not alleged that MERS was required to make any disclosures under TILA. Accordingly, the only surviving basis for

---

[4] The above interprets state law. Because defendants have not addressed whether federal law permits a TILA violation to serve as the basis for a state law negligence claim, the court does not address this issue.

21

plaintiffs' negligence claim does not apply to MERS, and MERS' motion to dismiss is granted in this regard.

## 2. Statute of Limitations

MortgageIT alternatively argues that even if plaintiffs have alleged a breach of a duty sounding in negligence, any negligence claim is time barred. In reviewing state law claims, federal courts apply state law regarding the statute of limitations and equitable tolling. Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (1993). Under California law negligence claims have a two year statute of limitations. Cal. Civ. Proc. § 335.1. Here, the only surviving basis for plaintiffs' negligence claim is the failure to make disclosures on or about September 26, 2006. FAC ¶ 31. The court assumes that the cause of action accrued at this time.[5] Accordingly, absent tolling, the limitations period expired in September of 2008. Plaintiffs filed suit on May 5, 2009.

---

[5] No party has addressed when this cause of action accrued. Under California law, a cause of action accrues, and the statute of limitations therefore begins to run, "when the cause of action is complete with all of its elements." Norgart v. Upjohn Co., 21 Cal.4th 383, 389 (1999). One element of a claim for negligence is damages. As such, "the mere breach of a . . . duty does not suffice to create a cause of action for negligence." Sahadi v. Scheaffer, 155 Cal. App. 4th 704, 715 (2007) (citing Budd v. Nixen, 6 Cal. 3d 195, 200 (1971)).

Here, plaintiffs have not identified what injury resulted from the alleged negligent failure to make disclosures. Without knowing what this injury is, the court cannot determine when plaintiffs discovered it or should have discovered it. It is also true, however, that absent an identifiable injury, plaintiffs' claim fails. Accordingly, the court cannot conclude that plaintiffs' complaint supports the "potential applicability" of a delayed accrual of plaintiffs' claim, as distinct from equitable tolling. C.f. Cervantes, 5 F.3d at 1277.

1    Plaintiffs argue that they are entitled to equitable tolling
2  for the reasons discussed in the context of plaintiffs' TILA claim.
3  As noted above, a failure to make disclosures does not itself
4  prevent a borrower from learning that the disclosures should have
5  been made, and plaintiffs have not alleged any further impediment.
6  In this regard, California and Federal law regarding equitable
7  tolling are similar.  Accordingly, plaintiffs have not raised a
8  possibility of equitable tolling, and plaintiffs' negligence claim
9  is therefore dismissed without prejudice.

10 **G.    Unfair Competition**

11    California's Unfair Competition Law, Cal. Bus. & Prof. Code
12 § 17200, proscribes "unlawful, unfair or fraudulent" business acts
13 and  practices.    Plaintiffs'  allege  UCL  violations  against
14 MortgageIT and MERS.   Plaintiffs' sole allegation directly in
15 support of their claim is that "Plaintiffs are informed and believe
16 that Defendants['] acts as alleged herein constitute unlawful,
17 unfair, and/or fraudulent business practices, as defined in the
18 California Business and Professions Code § 17200 et seq."  FAC ¶
19 108.  Plaintiffs allege the faintest outline of a UCL claim.

20    The incorporated allegations fail to state a UCL claim based
21 on fraudulent or unfair business practices. As to fraud, Fed. R.
22 Civ. P. 9(b) applies to UCL claims sounding in fraud, and
23 plaintiffs have failed to meet ths standard. As to unfair business
24 practices, plaintiffs fail to provide defendants with any notice
25 as to which alleged acts, if any, constitute such practices.

26    Plaintiffs have, however, alleged various acts of unlawful

conduct. Plaintiffs have adequately alleged that MortgageIT acted unlawfully by violating TILA.[6] As to MERS, the FAC alleges that MERS acted unlawfully by conducting business in California without registering as a California corporation. FAC ¶¶ 9, 32. A foreign corporation's obligation to register arises under California Corporations Code section 2105(a). MERS argues that it is exempted from this obligation for the reasons explained in Benham v. Aurora Loan Services, No. C-09-2059, 2009 U.S. Dist. LEXIS 78384, *14 (N.D. Cal. Sept. 1, 2009). Benham held that MERS was relieved of the obligation to register because MERS fell into the exemption provided by Corporations Code section 191(d)(3). This exemption is only available to "foreign lending institutions." Benham did not discuss whether MERS was such an institution, and MERS offers no argument on this issue here. Champlaie, 2009 U.S. Dist. LEXIS 102285 at *30-33, 2009 WL 3429622 at *10-11. Accordingly, the court declines to follow Benham. Because MERS offers no further argument, MERS has failed to meet its burden as the moving party, and MERS's motion to dismiss is denied as to this claim.

## H. Breach of Contract

Plaintiffs' eighth claim alleges a breach of contract against MortgageIT, who moves to dismiss. A cause of action for breach of contract requires: (1) that a contract exists between the parties,

_____

[6] Contrary to defendants' argument regarding a "practice," California courts have held that a single act may give rise to UCL liability. United Farm Workers of America, AFL-CIO v. Dutra Farms, 83 Cal. App. 4th 1146, 1163 (2000) (citing Stop Youth Addiction, Inc., 17 Cal. 4th at 570).

(2) that the plaintiff performed his contractual duties or was excused from nonperformance, (3) that the defendant breached those contractual duties, and that plaintiff's damages were a result from the breach. <u>Reichert v. General Ins. Co.</u>, 68 Cal. 2d 822, 830 (1968); <u>First Commercial Mortgage Co. v. Reece</u>, 89 Cal. App. 4th 731, 745 (2001).

Plaintiffs specify that the contract underlying this claim is the promissory note itself.[7] Opp'n 22. Plaintiffs allege that Mortgage IT breached this contract by failing to deliver on the promise of an affordable loan with the "best interest rates" on the market, and refusing to refinance as promised. FAC ¶ 25, 113, 28. However, plaintiffs' assertions are refuted by the language of the note itself, which imposes no such obligations on MortgageIT.[8]

## I.   Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiffs ninth claim, and the last at issue in the motion to dismiss, alleges breaches of the implied covenant of good faith and fair dealing against MERS and MortgageIT, who move to dismiss. Plaintiffs allege that MERS and MortgageIT breached the implied

---

[7]Promissory notes are contracts. <u>Nicholson v. Smith</u>, 98 Cal. App. 2d 163, 163 (1950); <u>see also Shipley Co. v. Rosemead Co.</u>, 100 Cal. App. 706, 712 (1929) (a "promissory note is, of course, a contract").

[8]Multiple papers executed as part of a single transaction may be construed as a single contract. Cal. Civ. Code § 1642. Here, the promises plaintiffs specify are not found in the language of the note, or the deed of trust. Inasmuch as plaintiffs' contract allegations exceed the scope of the instruments, plaintiffs may flirt with a claim for an oral contract, or an oral promise integrated into the note. Plaintiffs have not pleaded such a claim, however.

covenant of good faith and fair dealing by:

> Failing to pay at least as much regard to
> Plaintiff's interests as to Defendant's
> interests; [i]nitiating foreclosure
> proceedings on the property despite not having
> the right to do so, and failing to comply
> [with] the foreclosure requirements of
> California law; [f]ailing to give requisite
> notice before commencing foreclosure; [and]
> [s]ending deceptive letters to Plaintiffs
> advising Plaintiffs of their ability to short
> sale their Property when Defendant had no
> intention to conclude said short sale
> transaction . . .

FAC ¶ 121. As an initial matter, except for certain special situations such as the relationship between an insurer and an insured, the implied covenant of good faith and fair dealing does not oblige a promisor to pay as much interest to the promisee's interest as to the promisor's own. A claim for breach of the implied covenant of good faith and fair dealing requires a plaintiff to establish the existence of a contractual obligation and conduct that frustrates the other party's rights to benefit from the contract. Racine & Laramie v. Dep't of Parks & Rec., 11 Cal.App.4th 1026, 1031 (1992).

As to the remaining allegations, MERS argues that plaintiffs' claim is flawed because it alleges no contractual relationship between MERS and the plaintiffs, and duplicates a breach of contract claim not pleaded against MERS. MERS M'tn 8-9. Plaintiffs' Opposition specifies that the contract at issue is the deed of trust, on which MERS is listed as lender's nominee. Opp'n 16.

////

////

Accordingly, MERS' motion to dismiss this claim is denied.[9]

As to MortgageIT, some of plaintiffs' allegations clearly can not apply. Plaintiffs' Opposition clarifies that plaintiffs' theory of liability for MortgageIT is that "MortgageIT placed Plaintiffs into a toxic loan with predatory terms." Opp'n 24. However, because a claim for breach of the duty good faith is a claim that a defendant deprived plaintiffs of benefits reasonably expected by the parties under the contract, entry into the contract itself cannot constitute a violation of the duty of good faith. Accordingly, plaintiffs' claim for breach of the implied covenant of good faith and fair dealing is dismissed as to MortgageIT.

**J.    Motion to Strike**

Defendant MortgageIT contends that substantial portions of plaintiffs' FAC should be stricken, including prayers for attorney's fees under the UCL, and punitive damages under TILA.

A motion to strike is proper where requests for relief are not permitted as a matter of law. Wilkerson v. Butler, 229 F.R.D. 166, 17 (E.D. Cal. 2005). MortgageIT's contention that attorney's fees are not recoverable under the UCL as a matter of law is well taken. Cal-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 179 (1999). Accordingly, the court strikes references to attorney fees under the UCL from plaintiffs' FAC.

---

[9] MERS's reply brief argues, for the first time, that the good faith claim fails because the deed of trust explicitly permits MERS to undertake the actions forming the basis of this claim. Because this argument was raised for the first time in reply, it is disregarded.

As to plaintiffs' prayer for punitive damages, MortgageIT argues specifically that punitive damages are not recoverable under TILA, and that plaintiffs' prayers for punitive damages as to the state law claims fail to meet the requisite level of specificity, or allege facts required to find punitive damages against a corporate employer under California Civil Code § 3294(b).

MortgageIT's contention that punitive damages are not available under TILA is an accurate statement of the law. Pelayo v. Home Capital Funding, No. 08-CV-2030, 2009 U.S. Dist. LEXIS 44453, *25, 2009 WL 1459419, *9 (S.D. Cal. May 22, 2009). As to MortgageIT's argument that plaintiffs' have failed to meet the standards set by California Civil Code section 3294(b), this section is a state procedural rule not implicated here. As to MortgageIT's general objection to punitive damages on the grounds of specificity, the court is mindful of the principle that motions to strike are disfavored, and the fact that plaintiffs will be granted leave to amend their complaint. Accordingly, the court finds defendant's argument inadequate, and denies the motion to strike as to the request for punitive damages.

**IV. CONCLUSION**

For the reasons stated above, the court GRANTS IN PART defendant MERS's motion to dismiss (Dkt. No. 22), MortgageIT's motion to dismiss (Dkt. No. 26), and MortgageIT's motion to strike (Dkt. No. 30).

As to defendant MERS, the court:

////

1. DENIES MERS's motion to dismiss as to plaintiffs' seventh claim (unfair competition) insofar as this claim is premised on the failure to register to conduct business in California, and as to plaintiffs' ninth claim (breach of the implied covenant of good faith)

2. DISMISSES WITHOUT PREJUDICE plaintiffs' third claim (negligence), sixth claim (fraud), and seventh claim (unfair competition), insofar as this claim is based on conduct other than that specified above.

As to defendant MortgageIT, the court:

1. DENIES MortgageIT's motion to dismiss as to plaintiffs':

   a. first claim (TILA), insofar as it seeks rescission.

   b. second claim (Rosenthal Act), insofar as it premised on a threat to make false reports to credit agencies, or wrongfully increase the amount of debt by including amounts not permitted by law.

   c. third claim (negligence) insofar as it is premised on a failure to disclose under TILA.

   d. seventh claim (unfair competition), insofar as it is premised on violations of TILA.

2. DISMISSES WITHOUT PREJUDICE plaintiffs' fourth claim (RESPA), fifth claim (breach of fiduciary duty), sixth claim (fraud), and ninth claim (breach of the implied covenant of good faith). The court further DISMISSES WITHOUT PREJUDICE plaintiffs' first, second, third, and seventh claims except as specified above.

1    The court strikes the following references from plaintiffs'

2 FAC:

3    1. Prayers for attorney's fees under the UCL.

4    2. Prayers for punitive damages under TILA.

5 Plaintiffs are granted twenty days from the date of this order in

6 which to file an amended complaint.

7    IT IS SO ORDERED.

8    DATED:  February 25, 2010.

9

10

11   LAWRENCE K. KARLTON
     SENIOR JUDGE
12   UNITED STATES DISTRICT COURT

13

14

15

16

17

18

19

20

21

22

23

24

25

26