UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GHEORGE BLEDEA and
ELISABETA BLEDEA,

                         NO. CIV. S-09-1239 LKK/GGH

     Plaintiffs,

   v.

                         O R D E R

INDYMAC FEDERAL BANK,
MORTGAGEIT, INC., MARIPOSA
MORTGAGE, INC., MORTGAGE
ELECTRONIC REGISTRATION
SYSTEM, INC., MARIO BURNIAS,
JOSE LUIS CALLEJA, BIC D.
PHO and DOES 1-20, inclusive,

     Defendants.

_____/

    Plaintiffs in this suit bring various claims arising out of foreclosure on a mortgage. Plaintiffs' second amended complaint ("SAC") names eight defendants and nine causes of action, all invoking state law.  Mortgage Electronic Registration Systems, Inc., ("MERS") and MortgageIT, the only defendants to have stated appearances, have each filed motions to dismiss and to strike. Specifically, defendants move (1) to dismiss all claims against

1

1  them for failure to state a claim under Fed. R. Civ. P. 12(b)(6),

2  (2) to strike under Fed. R. Civ. P. 12(f) allegations pertaining

3  to certain remedies argued to be unavailable under plaintiffs'

4  claims, and (3) MERS moves to strike under Fed. R. Civ. P. 16

5  allegations in the SAC argued to have been added in violation of

6  the scheduling order in this case.

7      As a threshold issue, it is unclear whether the court should

8  exercise subject matter jurisdiction over this suit.  This suit was

9  initially filed in federal court on the basis of federal question

10  jurisdiction.  Prior complaints alleged claims under the Truth in

11  Lending Act, 15 U.S.C. § 1601 et seq., ("TILA") and the Real Estate

12  Settlement Procedures Act, 12 U.S.C. §§ 2601-2617, ("RESPA"), as

13  well as various state law.  On this basis, the court previously

14  found jurisdiction to be proper.  Order filed Marc 1, 2010 at 2

15  (Dkt. No. 65).  Plaintiffs' subsequently-filed SAC omits these

16  federal causes of action, instead alleging solely state law claims.

17  Nor does the SAC contain any statement of jurisdiction.  C.f. Fed.

18  R. Civ. P. 8(a)(1).

19      When all federal claims are dismissed at the pleading stage,

20  the proper course is ordinarily to decline to continue to exercise

21  supplemental jurisdiction over remaining state law claims.  28

22  U.S.C. § 1367(c); see Carnegie-Mellon Univ. v. Cohill, 484 U.S.

23  343, 350 (1988); Gini v. Las Vegas Metropolitan Police Dept., 40

24  F.3d 1041, 1046 (9th Cir. 1994) ("[I]n the usual case in which

25  federal-law claims are eliminated before trial, the balance of

26  factors . . . will point toward declining to exercise jurisdiction

1    over the remaining state law claims.") (quoting Schneider v. TRW

2    Inc., 938 F.2d 986, 993 (9th Cir. 1991)).

3        No party has briefed this issue.  As ordered below, the court

4    grants the parties an opportunity to do so, but it appears that

5    dismissal for lack of subject matter jurisdiction will be proper.

6        Insofar as defendants argue that the claims fail as a matter

7    of state law or seek remedies not afforded by state law, dismissal

8    for lack of subject matter jurisdiction would allow these questions

9    to be answered, if at all, by a state court upon re-filing.  MERS's

10   separate argument that plaintiffs violated the scheduling order is

11   somewhat more complicated.  The scheduling order provides that "No

12   further joinder of parties or amendments to pleadings is permitted

13   except with leave of court, good cause having been shown."  Order

14   filed Mar. 1, 2010 at 2.  The court had previously granted in part

15   defendants' motions to dismiss and strike, dismissing various

16   claims without prejudice, and granting plaintiffs "twenty days from

17   the date of this order in which to file an amended complaint."

18   Order filed Feb. 25, 2010 (Dkt. No. 62).  MERS contends that the

19   leave granted by the Feb. 25, 2010 order solely permitted

20   plaintiffs to amend the deficiencies identified in that order.

21   MERS argues that plaintiffs exceeded the scope of that leave, and

22   thereby violated the scheduling order, by naming a new defendant

23   in the SAC, Onewest.

24       If the court dismisses the SAC for lack of subject matter

25   jurisdiction, as the court candidly expects to do, it appears that

26   striking references to Onewest will be of no consequence.  Insofar

1   as striking these references would operate as a dismissal as to

2   Onewest, it would not be a dismissal on the merits. Thus, even if

3   MERS's motion to strike were granted in this regard, plaintiffs

4   would be free to file the SAC, as presently alleged, in state

5   court. Accordingly, this issue is likely moot.[1]

6        For the reasons stated above, the court ORDERS as follows:

7        1.   The parties MAY file a brief explaining why subject

8             matter jurisdiction over the amended complaint is proper

9             in this court. Said briefs may not exceed ten (10)

10            pages, and must be filed, if at all, within fourteen

11            (14) days of the date of this order. If no such brief

12            is filed, the court will dismiss this suit without

13            prejudice for lack of subject matter jurisdiction. Fed.

14            R. Civ. P. 41(b).

15       2.   The hearing presently set for May 10, 2010 for the

16            pending motions (Dkt. Nos. 68, 72, 75, and 76) is

17            VACATED.

18  ////

19  _____

20       [1] MERS further seeks sanctions for violation of the scheduling order. Fed. R. Civ. P. 16(f)(1) provides that "On motion or on its own, the court may issue any just orders, . . . if a party or its

21  attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(2) provides that "Instead of or in addition

22  to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses — including

23  attorney's fees — incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other

24  circumstances make an award of expenses unjust." Here, the court declines to determine whether plaintiffs violated the scheduling

25  order. Assuming that plaintiffs did, the court concludes that no sanction is appropriate where it is unclear whether, and if so how,

26  addition of Onewest caused any harm to MERS.

1    IT IS SO ORDERED.

2    DATED:  April 30, 2010.

3

4

5                          LAWRENCE K. KARLTON
                           SENIOR JUDGE
6                          UNITED STATES DISTRICT COURT

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                                5